478

In Re Alexander's Will.

Hamilton, Proponent *v.* Alexander, et al., Contestants.

June 14, 1954

No. 39127 67 Adv. S. 57 73 So. 2d 172

*Ernest Kellner,* Greenville, for appellant.

*Wynn, Hafter, Lake & Tindall,* Greenville, for appellees.

McGEHEE, C. J.

This is the second appearance of this case on appeal. Alexander, et al. v. Hamilton, 216 Miss. 26, 61 So. 2d 683. On the former appeal we reversed and remanded the cause for a new trial for the reason that we were of the opinion that under the proof offered by the contestants on the issue of lack of testamentary capacity, the trial court erred in granting a peremptory instruction in favor of the proponent at the conclusion of the evidence. We did not then discuss the question of whether or not the evidence on the former trial was sufficient to present an issue for the jury on the alleged undue influence that was claimed to have been exercised by the proponent in procuring the execution of a will, first for the reason that the failure of the trial court to submit to the jury the issue of testamentary capacity was deemed by us to be a sufficient ground for reversing and remanding the case for a new trial, and second because the evidence offered on the issue of undue influence on that trial had been excluded and that issue was not fully developed.

 We now find from the record on the present appeal that the evidence offered by the contestants on the issue of the lack of testamentary capacity is substantially the same as it was in the record on the former appeal, and this seems to be conceded in the brief of the appellant on this appeal. In fact, the lay witnesses for the contestants elaborated in the second trial on the circumstances upon which they based their opinion as to lack of testamentary capacity on the part of the testatrix.

However, on the trial after the cause was remanded the proponent of the alleged last will and testament of Miss Annie Lou Alexander, deceased, offered substantial testimony in contradiction of that offered by the contestants on the issue of testamentary capacity, and so as to present an issue for the jury to determine in that behalf. We do not here review the testimony on that issue since the case must be again reversed and remanded because of the fact that on the second trial the evidence offered by the contestants on the issue of undue influence is in our opinion insufficient to have warranted the submission of that issue to the jury, and that therefore the trial court was in error in refusing the directed verdict in favor of the proponent on that issue, and in granting two instructions in favor of the contestants on such issue. If it had been proper to submit this issue to the jury, then the instructions granted the contestants would not have constituted reversible error. But since the verdict of the jury was a general one and may be referable to either or both issues, one of which was erroneously submitted to the jury, we are unable to say that the instruction No. 3 for the contestants on undue influence was not a factor with the jury in reaching its verdict under the sharp conflict in the evidence as to testamentary capacity, since the said instruction told the jury that ''the contestants need not necessarily prove undue influence by direct, affirmative and positive evidence * * * .''

We are unable to agree with the appellant's contention, however, that he was entitled either to a directed verdict in his favor on the issue of testamentary capacity or to have the verdict rendered by the jury in favor of the contestants set aside on the alleged ground that it is contrary to the overwhelming weight of the evidence. He is entitled to reversal only because of the submission to the jury of the issue of undue influence on the record now before us.

In regard to the erroneous submission to the jury of the issue of undue influence, it was said in the case of Ward v. Ward, 203 Miss. 32, 33 So. 2d 294, that a serious question is raised when one issue is properly submitted to the jury and another improperly submitted and there is a general verdict returned. Under all of the facts and circumstances disclosed by the record now before us in this particular case we have concluded that the submission of the issue of undue influence to the jury amounted to a reversible error.

Reversed and remanded.

*Hall, Lee, Ethridge* and *Gillespie, JJ.,* concur.